IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WICHITA CENTER FOR GRADUATE MEDICAL
EDUCATION, INC., *et al.*,

      Plaintiffs,

vs.                                            Case No. 16-1054-JTM

UNITED STATES OF AMERICA,

      Defendant.

MEMORANDUM AND ORDER

Under 26 U.S.C. § 6611(a), Congress has provided that "Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621." Section 6621 creates a higher interest rate for individuals than for corporations. In the present action, the plaintiffs argue they are entitled to interest at the higher rate.

Plaintiffs Wichita Center for Graduate Medical Education (WCGME), Charleton Area Medical Center (CAMC), and CAMC Health Education and Research Institute, Inc. (CHERI) previously received refunds of employer-portion FICA tax payments for medical resident employees, following a March 2, 2010, administrative ruling by the IRS concluding that, for tax periods prior to April 1, 2005, medical residents were entitled to the student

exception to FICA. 26 U.S.C. § 3121(b)(1).

The IRS initially paid WCGME interest at the higher rate, but subsequently demanded repayment of the difference between the two rates, $2.3 million. WCGME repaid this amount, and seeks its return in the present action. CAMC and CHERI, West Virginia corporations, have brought the present action as a standalone claim for recovery of the higher interest, each seeking an amount in excess of $10,000.

The matter is before the court on the government's motion to dismiss the claims of CAMC and CHERI. The government argues that this court has no jurisdiction to hear the standalone interest claims of CAMC and CHERI. Rather, it argues that under the Tucker Act, 28 U.S.C. § 1346(a)(2), the exclusive jurisdiction for such claims is restricted to the Federal Court of Claims. Pursuant to Sections 1346(a)(2) and 6611, the government argues, Congress has authorized actions for the recovery of interest only in the Court of Claims.

Ordinarily, the government is not liable for the payment of interest in the absence of a specific statute. *See Library of Congress v. Shaw*, 478 U.S. 310, 314-17 (1986), *superseded by statute on unrelated grounds as stated in Landgraf v. USI Film Products*, 114 S. Ct. 1483, 1490 (1994). As a result, the plaintiff must demonstrate *both* that Congress has waived immunity from the payment of interest, *and* that it has waived its immunity from suit. The government acknowledges that Section 6611 creates a general right to the payment of interest, thereby permitting the IRS to consider an administrative claim for such interest, but the statute does not by itself authorize any civil action or otherwise waive sovereign immunity from suit.

The plaintiffs stress that the Tucker Act does not restrict actions to the Court of Claims if there is some alternative basis for district court jurisdiction. The plaintiffs identify five potential grounds for such jurisdiction, alternatively based on the effect of Section 6611 in conjunction with Sections 1340, 1331, 1367, 1346(a)(1), and Fed.R.Civ.Pr. 23.

The court finds as an initial matter that only § 1346 provides even a colorable basis for jurisdiction for the plaintiffs' claims of unpaid interest. Sections 1331, 1340 and 1367 are general jurisdiction statutes; none of these provisions offer any basis for inferring that Congress has waived sovereign immunity from suit as to unpaid interest. *See, e.g., New Mexico v. Regan*, 745 F.2d 1318, 1321 (10th Cir. 1984) (Section 1331 "does not include a general waiver of sovereign immunity by the United States"); *Murray v. United States*, 686 F.2d 1320, 1324-25 (8th Cir.1982) (Section 1340 "does not constitute a waiver of sovereign immunity"); *San Juan Co., Utah v. United States*, 503 F.3d 1163, 1181 (10th Cir. 2007) ("Section 1367(a) is expressed in general terms, applying to all litigants. There is no mention of sovereign immunity or of the special status of the government as a litigant.").

The same result is true as to the plaintiffs' invocation of Rule 23's provision for class litigation. The Rules of Civil Procedure adopted by the Supreme Court do not expand or contract the sovereign immunity of the United States, which may be waived by Congress alone. *See San Juan County, Utah v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) (rules promulgated by the Court cannot extend or limit the jurisdiction of the district courts). The plaintiffs supply no authority holding that these statutes, in conjunction with § 6611, operate to authorize an action in the district courts for recovery of unpaid interest. Rather,

3

all of the cases cited by the plaintiffs focus on Section 1346 as a potential basis for waiver of sovereign immunity from suit.

Accordingly, jurisdiction in the present action therefore depends upon whether Congress waived immunity for suit for unpaid interest in Section 1346(a)(1). The government acknowledges that the caselaw is mixed. In *Alexander Proudfoot Co. v. United States*. 454 F.2d 1379 (Ct.Cl. 1972), the court effectively indicated that a standalone claim for unpaid interest (in contrast to the actual plaintiff's refund claim for deficiency interest) would be considered a Tucker Act claim. The court stressed that

> the Revenue Code deals quite differently with statutory interest payable by the Government on overpayments. Regulated by §§ 6611-6612, that form of interest is paid by the United States, not as a refund of interest previously paid by the taxpayer on demand of the Service, but simply because the Government has had the use of money found to belong to the taxpayer. Typical is interest on an overpayment... Unlike deficiency interest paid by the taxpayer, Congress did not provide that statutory interest to be paid by the United States is to be fully assimilated in treatment to the principal amount of a tax. Nor does the Code extend the refund claim mechanism of § 6511 to such interest, or tie a special limitations period to the filing of such a claim. The result is that the ordinary six-year limitations statute controls and no claim need be filed within the time limits of § 6511.

*Id.* at 1384 (citations omitted).

The Northern District of Illinois followed *Proudfoot* in *Amoco Production Co. v. United States*, No. 87C8811, 1988 WL 9112 (N.D. Ill. Feb. 5, 1988), holding that it did not have jurisdiction under either Section 1340 or 1346(a)(1) over the plaintiff's claim for standalone interest, and transferred the action to the Claims Court.

In contrast, the Sixth Circuit has more recently held that a district court has

jurisdiction to hear a standalone interest claim pursuant to Section 1346(a)(1). *See The E.W. Scripps Co. and Subsidiaries v. United States*, 420 F.3d 589, 598 (6th Cir. 2005). Pursuant to § 1346(a)(1), the district courts and the Court of Claims both have jurisdiction to hear

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws....

In *Scripps*, the court held that the term "any sum" in the statute included claims for unpaid interest, after noting the observation of the Supreme Court's discussion of § 1346 in *Flora v. United States*, 362 U.S. 145, 149 (1960):

> "[A]ny sum," instead of being related to "any internal-revenue tax" and "any penalty," may refer to amounts which are neither taxes nor penalties. Under this interpretation, the function of the phrase is to permit suit for recovery of items which might not be designated as either "taxes" or "penalties" by Congress or the courts. One obvious example of such a "sum" is interest.

The Sixth Circuit then rejected the government's argument that the statute could not apply to unpaid interest, since this had not been collected from the taxpayer:

> We believe, however, that these arguments lack merit because they ignore the fact that the "any sum" clause is disjunctive; not only does § 1346(a)(1) provide the district courts with jurisdiction over suits for "any sum alleged to have been ... in any manner wrongfully collected under the internal-revenue laws," but also § 1346(a)(1) confers the district courts with jurisdiction over suits seeking "the recovery of ... any sum alleged to have been excessive ... under the internal-revenue laws." Moreover, the "excessive sum" phrase does encompass suits seeking recovery of statutory interest on overpayments. Congress, in enacting 26 U.S.C. § 6611 (which is part of the IRC and thus an "internal-revenue law[ ]"), has made clear that it believes that taxpayers should be compensated for the lost time-value of their money when they make overpayments of tax. The payment of statutory interest reflects an attempt to return the taxpayer and the Government to the same

5

>   positions they would have been in if no overpayment of tax had been made. If the Government does not compensate the taxpayer for the time-value of the tax overpayment, the Government has retained more money than it is due, i.e., an "excessive sum." *See Int'l Bus. Machs. Corp. v. United States*, 201 F.3d 1367, 1374–75 (Fed.Cir.2000) (noting with respect to the payment of interest on overpayments of tax under 28 U.S.C. § 2241 that "Congress has waived sovereign immunity in ... the tax code ... to permit interest to be paid on certain refunds to allow for the time value of money when the Government has had the use for a period of time of money to which it is not lawfully entitled. Congress has considered this to be only fair and proper."), *cert. denied*, 531 U.S. 1183, 121 S.Ct. 1167, 148 L.Ed.2d 1025 (2001).

420 F.3d at 597. *See also Ford Motor Company*, 768 F.3d at 584, 586 (6th Cir. 2014)(finding "the government's jurisdictional challenge is foreclosed by *E.W. Scripps*"), *cert. denied*, 135 S.Ct. 2858 (2015)

The Second Circuit expressed a similar understanding in *Exxon Mobil Corp. & Affiliated Cos. v. Commissioner*, 689 F.3d 191, 202 (2d Cir. 2012). In deciding whether a separate statute governing interest on unpaid corporate taxes was subject to strict construction as a waiver of sovereign immunity, the court wrote:

>   A waiver of sovereign immunity is a consent on the part of the government to be sued. *Dalm*, 494 U.S. at 608, 110 S.Ct. 1361. It authorizes—in a necessarily unequivocal way—an aggrieved party to make a claim against the United States. *See id.* The special rule at issue here does no such thing. It does not create jurisdiction or authorize claims against the United States. Other provisions of the tax code perform that function. As relevant here, Congress waived immunity with respect to claims for interest in section 6611(a), which provides that "[i]nterest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621." I.R.C. § 6611(a), 26 U.S.C. § 6611(a) (emphasis added); *see Int'l Bus. Mach. Corp. v. United States*, 201 F.3d 1367, 1371, 1374 (Fed.Cir.2000) (observing, with reference to section 6611(a), that "Congress has waived sovereign immunity in ... the tax code ... to permit interest to be paid on certain refunds"); *Schortmann v. United States*, 82 Fed.Cl. 1, 6 (2008) ("The language of [section 6611(a) ] is too explicit to be

> misunderstood. It means what it says—that the United States has waived its sovereign immunity to authorize the allowance of interest on any overpayment." (internal quotation marks and brackets omitted)); *cf. Doolin v. United States*, 918 F.2d 15, 18 (2d Cir.1990) (reciting Government's argument that "section 6611 must be strictly construed since it is a waiver of sovereign immunity").

689 F.3d at 201-02

The court agrees with the Sixth Circuit's view expressed in *Scripps*, and finds that Section 1346(a)(1) reflects a valid waiver of sovereign immunity as to the claims of CAMC and CHERI for unpaid interest. However, Section 1346(a)(1) contains its own limitations period and the jurisdictional precedent of filing an administrative claim. *See* 26 U.S.C. § 6532. More importantly for present purposes, the proper venue for any stand-alone claims by the West Virginia plaintiffs is West Virginia.

> 28 U.S.C. § 1402(b)(2) expressly provides that actions may be brought :

> "only ... [i]n the case of a civil action by a corporation under paragraph (1) of subsection (a) of section 1346, in the judicial district in which is located the principal place of business or principal office or agency of the corporation; or if it has no principal place of business or principal office or agency in any judicial district (A) in the judicial district in which is located the office to which was made the return of the tax in respect of which the claim is made, or (B) if no return was made, in the judicial district in which lies the District of Columbia. Notwithstanding the foregoing provisions of this paragraph a district court, for the convenience of the parties and witnesses, in the interest of justice, may transfer any such action to any other district or division.

This specific venue provision takes precedence over the general venue statue, 28 U.S.C. § 1391(b)(1). Here, the principal place of business of CAMC and CHERI is West Virginia. The plaintiffs shown not basis for concluding that the claims of the West Virginia plaintiffs should be heard in Kansas. Lead counsel for the plaintiffs is located in Lake

Forest, Illinois. The government is represented by counsel from the District of Columbia. The plaintiffs identify no Kansas witnesses to their claims.

In light of the specific venue provision attached to actions under § 1346(a)(1), and the failure of the West Virginia plaintiffs to show why their actions are more conveniently brought in Kansas, their claims are hereby dismissed for improper venue.

IT IS ACCORDINGLY ORDERED this 26th day of July, 2016, that the government's Motion to Dismiss (Dkt. 13) is hereby granted.

                                          ___s/ J. Thomas Marten_____
                                          J. THOMAS MARTEN, JUDGE