IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WICHITA CENTER FOR GRADUATE MEDICAL
EDUCATION,

     Plaintiff,

    vs.        Case No. 16-1054-JTM

UNITED STATES OF AMERICA,

     Defendant.

MEMORANDUM AND ORDER

On March 2, 2010, the IRS determined that medical residents were eligible for the student exception to Federal Insurance Contributions Act (FICA) taxes for tax periods ending before April 1, 2005. Previously, the IRS and some taxpayers had been in dispute as to whether medical residents were eligible for the exception. For each taxpayer who had submitted an administrative claim over the issue, the IRS sent instructions on how to obtain a refund. For employers seeking a refund of their portion of medical resident wage taxes, the IRS required each taxpayer to have timely filed an administrative claim with the IRS prior to 2010.

After receiving refunds, some employers have sued the United States for overpayment interest under Internal Revenue Code § 6621, which sets one interest rate for

corporations and a second, higher interest rate for all other taxpayers. 26 U.S.C. § 6621(a). These not-for-profit corporate employers, including the plaintiff in the present action, argue they should have received interest at the second, higher rate.  Several recent decisions have rejected this conclusion. *See United States v. Detroit Medical Center*, 833 F.3d 671, 677 (6th Cir. 2016) ("We disagree with this interpretation, innovative though it is"); *Maimonides Med. Ctr. v. United States*, 809 F.3d 85 (2d Cir. 2015) (§ 6621 includes nonprofit entities); *Medical College of Wisc. Affil. Hosp. v. United States*, 2016 WL 4916811, *2 (E.D. Wisc. Sept. 14, 2016) ("Although the Hospital's policy arguments for a higher interest rate for refunds to nonprofits have merit, those arguments are better aimed at Congress.").

The present action was brought by plaintiff Wichita Center for Graduate Medical Education, Inc. (WCGME), located in Kansas, as well as two West Virginia corporations, Charleston Area Medical Center (CAMC) and CAMC Health Education and Research Institute (CHERI). The two groups of plaintiffs were postured differently with respect to the history of their claims for refunds.

The IRS first paid WCGME interest at the higher, noncorporate rate, and later demanded WCGME return the $2.3 million reflecting the difference in the two rates. WCGME repaid this amount in 2013, and now seeks a refund of this amount. WCGME had filed administrative claims over the issue prior to the IRS's 2010 decision, and a claim for additional interest on February 4, 2015.

The IRS paid CAMC and CHERI interest at the lower, corporate rate. The Complaint alleges that before 2010, CAMC and CHERI filed administrative claims seeking FICA tax

2

and "statutory interest," but otherwise does not allege the making of any specific claim as to the correct rate for such interest.

By separate Order (Dkt. 17), the court denied the motion of the government to dismiss the action, which argued that, pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2), claims for statutory interest exclusively lie before the Federal Court of Claims. The court concluded that district courts have concurrent jurisdiction to entertain claims for unpaid interest as a claim for "any sum" under 28 U.S.C. § 1346(a)(1). However, the court also found that such claims are subject to the venue requirements of 28 U.S.C. § 1402(b)(2), and dismissed without prejudice the claims of CAMC and CHERI.

The matter is now before the court on WCGME's motion seeking to certify a nationwide class of nonprofit corporations which have received FICA tax refunds with interest at the lower, corporate rate. The proposed class does not distinguish between employers, like WCGME, which have received interest income at the higher, noncorporate rate only to have to return the difference to the IRS, and other employers, like CAMC and CHERI, which have only received interest at the lower, corporate rate. In addition, the proposed class is not restricted to employers who have previously filed an administrative claim with the IRS or otherwise explicitly asserted a claim to the higher, noncorporate interest rate.

The court hereby denies the motion for certification. This court has jurisdiction to entertain claims for unpaid interest under § 1346, but such claims are subject to the jurisdictional prerequisite of an administrative claim under Internal Revenue Code § 7422.

*See Oatman v. Dept. of Treasury–Internal Revenue Service*, 34 F.3d 787, 789 (9th Cir.1994) ("The district court lacks jurisdiction over claims for refunds pressed by any potential class members who have not satisfied the procedural requirements of 26 U.S.C. §§ 6532 and 7422."). Such claims must also be filed within the limitations period established by Internal Revenue Code 6532(a)(1).

Administrative claims must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1). The requirement for timely administrative claims was created "to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue, to provide that refund claims are made promptly, and to allow the IRS to avoid unnecessary litigation by correcting conceded errors." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 11 (2008).

WCGME, relying on the Sixth Circuit's decision in *The E.W.Scripps Co. v. United States*, 420 F.3d 589, 597-98 (6th Cir. 2005), argues that actions for unpaid interest under § 1346(a)(1) are not subject to the requirement for administrative claims recognized in § 7422. In its prior Order, the court cited *E.W.Scripps* in the course of reaching its ultimate conclusion that district courts were empowered to hear claims for unpaid interest under § 1346. (Dkt. 22 at 7). However, it does not follow that such claims may be advanced in the absence of a prior administrative claim. Indeed, in the same portion of its prior opinion, the court also observed that a claim under Section 1346 is subject to "the jurisdictional

4

precedent of filing an administrative claim." *Id.*

Section 7422(a) expressly requires the filing of an administrative claim prior to the filing of any suit:

> *No suit or proceeding shall be maintained in any court for the recovery* of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or *of any sum alleged to have been excessive* or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary,* according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

(Emphasis added).

The court finds no basis for treating an "any sum" claim for unpaid interest under Section 1346 to be free from the jurisdictional requirement of an administrative claim which applies to claims for "any sum" under Section 7422. Indeed, the court is constrained to hold otherwise in light of *Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127 (10th Cir. 2011). Although the specific question at issue in *Wyodak* was not the same as that presented here — the relative meaning of the term "internal revenue" in Sections 1346 and 7422 — the Tenth Circuit's conclusion is directly relevant: both statutes should be construed in close harmony.

> Both 26 U.S.C. § 7422 and 28 U.S.C. § 1346 use the phrase "internal revenue tax" (or in the latter case "internal-revenue tax"), and in both instances, the language was added by the Revenue Act of 1921, Pub.L. No. 67–98, 42 Stat. 227. *See* tit. XIII, § 1318, 42 Stat. at 315 (predecessor of 26 U.S.C. § 7422); tit. XIII, § 1310(c), 42 Stat. at 311 (predecessor of 28 U.S.C. § 1346). Absent some very good reason to conclude that Congress intended the phrase "internal-revenue tax" to have two different meanings within the very same act, such a tortured interpretation should be avoided. Neither the Sixth Circuit nor Wyodak has provided such a reason. We conclude that the phrase

5

"internal-revenue tax" must mean the same thing in 28 U.S.C. § 1346 as it
does in 26 U.S.C. § 7422.

637 F.3d at 1131.

Of particular relevance, the Tenth Circuit also indicated disapproval of the earlier

Sixth Circuit decision in *Horizon Coal Corp. v. United States*, 43 F.3d 234 (6th Cir. 1994),

which was later cited by the Sixth Circuit in *E.W.Scripps* to support its further conclusion

that § 1346 suits are not subject to any jurisdictional prerequisite. The Tenth Circuit wrote:

> Although we announce this rule for the first time, we note that our
> interpretation best harmonizes existing case law on § 1346(a)(1) and its
> interaction with related statutes. First, by providing a uniform interpretation
> of the phrase "internal revenue" as between § 1346 and 26 U.S.C. § 7422,
> those statutes seamlessly interlock in the manner intended by Congress. By
> using the same definition in both statutes, the provisions work together to
> require that all tax refund claimants seeking relief in district court must first
> exhaust their administrative remedies with the Secretary of the Treasury. The
> contrary construction adopted in *Horizon Coal* and by the district court below
> would create a class of claims over which district courts possessed
> jurisdiction regardless of exhaustion. *See* 42 F.3d at 239–40.

637 F.3d at 1135.

WCGME argues that the detailed requirements for administrative claims reflected

in Section 6511 "simply cannot be applied to ... claims for additional statutory interest,"

because such a requirement could serve to effectively preclude a recovery of interest in

many instances. (Dkt. 29, at 6). Even though this may be true as a practical matter in many

instances, this requirement for the submission of an administrative claim is jurisdictional

in nature.

"Filing the claim is a jurisdictional prerequisite to bringing suit pursuant to §

6

1346(a)(1)." *Amoco Prod. Co. v. United States*, 1988 WL 9112, *2 (N.D. Ill. Feb. 5, 1988).

Moreover,

> the language in § 7422(a) is identical to the language of § 1346(a)(1). *See Vishnevsky v. United States*, 581 F.2d 1249, 1251 (7th Cir.1978). Thus, any cause of action properly before this court pursuant to § 1346(a)(1) also must satisfy the jurisdictional prequisite [sic] of a timely administrative claim in accordance with § 7422(a). Plaintiff did not satisfy this prequisite [sic]; it has not filed a claim with the Internal Revenue Service. This court lacks jurisdiction under § 1346(a)(1) because either (a) the interest allegedly due is not "any sum" under § 1346(a)(1) or (b) the suit falls under § 1346(a)(1) but there is no jurisdiction because no administrative claim has been filed.

*Id.* Congress created the statutory regime which waives sovereign immunity as to claims for unpaid interest. Concerns as to the practical effect of this regime must be directed to Congress, rather than this court.

In addition to its jurisdictional argument, the government also contends that the proposed class does not meet the standard for certification under Fed.R.Civ.Pr. 23, and that in any event the specific venue provisions noted in the earlier decision of the court would preclude certification. The court finds that it need not resolve these arguments. Because the court does not have jurisdiction to entertain the claims of the requested class, the plaintiff's motion is hereby denied.

IT IS ACCORDINGLY ORDERED this 21st day of December, that the plaintiff's Motion for Certification (Dkt. 24) is hereby denied.

                 ___s/ J. Thomas Marten_____
                 J. THOMAS MARTEN, JUDGE