IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WICHITA CENTER FOR GRADUATE MEDICAL
EDUCATION, ET AL.,

        Plaintiff,

vs.                               Case No. 16-1054-JTM

UNITED STATES OF AMERICA,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion for Reconsideration (Dkt. 23) of the defendants. In its earlier Order (Dkt. 22), the court determined that this action of the West Virginia plaintiffs pursuant to 26 U.S.C. § 1346 must be brought in the Southern District of West Virginia.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto*

*Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court finds no basis for reconsideration. Under 28 U.S.C. § 1402(a)(2), venue for the plaintiffs' action is restricted to "the judicial district in which is located the principal place of business or principal office or agency of the corporation." In the present case, for the West Virginia corporations Charleston Area Medical Center, Inc. and CAMC Health Education and Research Institute, Inc., that district is the Southern District of West Virginia. Although § 1402(a)(2) provides that the court, "for the convenience of the parties and witnesses, in the interest of justice," may authorize a transfer to "any other" district, this assumes that the action was originally brought in a court with proper venue. Moreover, as the court determined in its prior Order, the plaintiffs have failed to demonstrate that Kansas is a substantially more convenient forum for the resolution of their tax recoupment action.

IT IS ACCORDINGLY ORDERED this 21st day of December, 2016, that the defendants' Motion for Reconsideration (Dkt. 23) is denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE